```
                    UNITED STATES DISTRICT COURT

                     MIDDLE DISTRICT OF LOUISIANA
```

MICHAEL W. BENNETT
                                        CIVIL ACTION
VERSUS
                                        NUMBER 09-174-JVP-SCR
BURGER KING CORPORATION

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant Burger King Corporation removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  Defendant alleged that it is "a foreign limited liability company, domiciled in the State of Florida and with its principal place of business in the State of Florida."[1] Defendant added in a footnote that it is not the proper defendant since the subject Burger King restaurant where the plaintiff was injured is owned and operated by Strategic Restaurants Acquisition Company ("SRAC").  Furthermore, defendant Burger King Corporation asserted that SRAC is "a foreign limited liability company, domiciled in the State of Delaware and with its principal place of business in the State of California."[2]  The only member of SRAC is SRAC Holdings, Inc., a Delaware corporation "with its corporate headquarters located in the State of California."[3]

---

[1] Record document number 1, Notice of Removal, p. 3, ¶ 6.

[2] *Id.* p. 3, n. 1.

[3] *Id.*  Citizenship depends on the location of a corporation's principal place of business, not where it has its corporate
(continued...)

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[4]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[5]  Thus, to properly allege the citizenship of a limited liability company, the removing defendant must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[6]

---

[3](...continued)
headquarters. The Fifth Circuit applies a "total activity" test to determine a corporation's principal place of business, and looks to the nature, location, importance and purpose of a corporation's activities and the extent to which those activities bring the corporation into contact with the local community.  The total activity test combines considerations of both the "nerve center" and the "place of activity" of the corporation. *See*, *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 (5th Cir. 2004); *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164 (5th Cir.), *cert.denied*, 525 U.S. 876, 119 S.Ct. 179 (1998); *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987)(for diversity purposes corporation has only one principal place of business).

[4] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[6] The same requirement applies to any member of a limited
(continued...)

Defendant's Notice of Removal fails to identify the members of defendant Burger King Corporation and the states of which they are citizens.[7] While it may be that Burger King Corporation is not the proper defendant, it is the only named defendant and it removed the case.[8]

Therefore;

IT IS ORDERED that defendant Burger King Corporation shall have ten days to file an amended Notice of Removal which identifies the citizenship of each if its members.  Failure to do so may result in the case being remanded for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, April 8, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued)
liability company which is also a limited liability company. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D. La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[7] Defendant's Corporate Disclosure Statement does not identify its members. Record document number 2.  It only states that Burger King Holding Corporation is its "parent company."

[8] If the plaintiff later seeks to join SRAC as a defendant, the plaintiff will need to properly identify its members and the states of which they are citizens.

3