UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL W. BENNETT

VERSUS                                                                      CIVIL ACTION

BURGER KING CORPORATION, ET AL                      NO. 09-174-JVP-SCR

## RULING AND ORDER

This matter is before the court on a motion by plaintiff, Michael W. Bennett, to dismiss or, alternatively, to remand (doc. 9). Defendant, Burger King Corporation, opposes the motion (doc. 10). Jurisdiction is allegedly based upon 28 U.S.C. § 1332. There is no need for oral argument.

This action was commenced in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Made defendants in the original state court petition were Burger King Corporation, Rosemary Shand, and Chaemeka Ralph (both alleged Burger King managers). On March 30, 2009, Burger King removed the matter on the basis of diversity,[1] alleging the improper joinder of the two in-state individual defendants (whose actual names are Rosemary Grant and Chemika Ross).

---

[1] Because Burger King represents that it is not the proper party defendant, plaintiff argues that it lacked the procedural capacity to remove. Proper party defendant or not, the fact remains that Burger King was named as defendant and, therefore, may rightfully remove.

1

Attached to the Notice of Removal is the affidavit of Melissa Pisanie', District Manager for Burger King, wherein she avers, among other things, that neither Rosemary Grant nor Chemika Ross were managers at the Burger King in question on the date of the subject incident. Plaintiff clearly states that he "cannot contradict the allegations of Burger King Corporation regarding the status of these employees" (doc. 9-2, p. 4). On the face of the record, therefore, plaintiff cannot recover from the individual defendants. And though plaintiff intends to correctly name the managers employed at the time of the event, he has not done so. Insofar as "Rosemary Shand" and "Chaemeka Ralph" represent fictitious defendants, they shall be disregarded for purposes of the diversity determination. 28 U.S.C. § 1441(a). As both Burger King and plaintiff are diverse, plaintiff's motion to remand shall be denied. Moreover, as plaintiff acknowledges that Burger King is the improper party defendant, he cannot recover against that defendant.

Accordingly, the motion to dismiss or, alternatively, to remand (doc. 9) is **DENIED** insofar as it seeks remand and **GRANTED** insofar as it seeks dismissal. **IT IS ORDERED** that this matter be **DISMISSED** without prejudice to plaintiff's right to pursue his claims in *Bennett v. Strategic Restaurants Acquisition Company, L.L.C., et al.*, Civil Action 09-295-RET-DLD.

Baton Rouge, Louisiana, July *13*, 2009.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA